UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SUNIL SAMTANI

                Plaintiff,

    -against-

RAMAKRISHNA CHERUKURI, Individually and in
his official capacity as Chief Executive Officer of
New York Frangrance, Inc. and NEW YORK
FRAGRANCE, INC.,

                Defendants.
-------------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
11-CV-2159 (CBA) (RER)

AMON, Chief United States District Judge:

      The plaintiff has moved for reconsideration of the Court's May 11, 2012, order ("May 11 order") dismissing the plaintiff's complaint in its entirety. The plaintiff correctly points out that the Court erred in overlooking that the complaint alleges diversity jurisdiction under 28 U.S.C. § 1332 as a basis for this Court's jurisdiction over the plaintiff's state law claims. The Court accordingly withdraws the portion of its May 11 order declining to exercise supplemental federal jurisdiction over those claims.

      The defendants have not moved to dismiss the plaintiff's state law claim for malicious prosecution. Accordingly, the Court hereby reinstates that claim.

      The defendants have moved to dismiss the plaintiff's state law claim for intentional infliction of emotional distress ("IIED") as time-barred. The statute of limitations in New York for a claim of IIED is one year from the date of the allegedly outrageous acts. N.Y. C.P.L.R. § 215(3); Young v. Suffolk County, 705 F. Supp. 2d 183, 212 (E.D.N.Y. 2010). The basis of the plaintiff's IIED claim is that the defendants intentionally caused him emotional distress by providing the District Attorney with false and/or materially incomplete information in order to

1

subject the plaintiff to arrest, prosecution, and ultimately a criminal conviction and incarceration. The defendants argue that the only affirmative acts alleged in the complaint that could provide a basis for this claim are that Cherukuri provided the District Attorney with false and/or materially incomplete information, and that he testified to the same information before the grand jury, thereby leading to the plaintiff's arrest. Thus, the defendants argue that the plaintiff's IIED claim accrued either on April 23, 2009, the date Cherukuri is alleged to have falsely testified before the grand jury, or at the very latest on August 13, 2009, the date of the plaintiff's arrest. Under this calculation, the limitations period for the plaintiff's IIED claim expired no later than August 13, 2010. The plaintiff did not file his complaint until May 4, 2011.

The plaintiff argues that the complaint plausibly alleges a continuing tort by the defendants that did not end until the charges against the plaintiff were dismissed on August 25, 2010. When an alleged tort is part of an ongoing pattern of conduct, New York's continuing tort doctrine "'permits a plaintiff to rely on wrongful conduct occurring more than one year prior to commencement of the action, so long as the final actionable event occurred within one year of the suit.'" Manliguez v. Joseph, 226 F. Supp. 2d 377, 386 (E.D.N.Y. 2002) (quoting Shannon v. MTA Metro-North R.R., 269 A.D.2d 218 (2000)). "[F]or the statute of limitations to be tolled under the theory of continuing wrongs, 'the acts within the statute of limitations must be sufficient to make out a claim for intentional infliction of emotional distress, independent of those acts that are part of the offending course of conduct but fall outside the time bar.'" Gorton v. Gettel, 2007 WL 2154193, at *3 (S.D.N.Y. 2007) (quoting Mariani v. Con. Edison Co. of N.Y., Inc., 982 F. Supp. 267, 273-74 (S.D.N.Y. 1997)); see Russo-Lubrano v. Brooklyn Fed. Sav. Bank, 2007 WL 121431, at *6 (E.D.N.Y. 2007).

The plaintiff argues that the complaint plausibly alleges a continuing tort because it describes a pattern of lies and material omissions by the defendants that continued throughout the entire course of the prosecution. In essence, the plaintiff argues that the defendants intentionally caused the plaintiff emotional distress by participating in the continued unfounded prosecution of the plaintiff, or at least by deliberately continuing to withhold material information. Thus, according to the plaintiff, the statute of limitations did not begin to run until the charges were dropped on August 25, 2010, making the plaintiff's complaint timely.

This argument is persuasive. The complaint alleges that Cherukuri continued to give false or at least misleading testimony to the District Attorney regarding the nature of his business relationship with the plaintiff throughout the continued prosecution. (Compl. ¶¶ 39-40.) Although the complaint does not describe any specific conversations between Cherukuri and the District Attorney following the plaintiff's arrest, it is reasonable to infer at the motion to dismiss stage that additional conversations occurred, particularly in light of the fact that the prosecution of the plaintiff on these charges continued for fifteen (15) months. (Id. ¶ 42.) Accordingly, the Court finds that at this stage of litigation the complaint sufficiently alleges a continuing tort that did not end until the District Attorney dismissed the charges against the plaintiff. See Llerando-Phipps v. City of N.Y., 390 F. Supp. 2d 372, 384 (S.D.N.Y. 2005) (holding that statute of limitations for IIED claim against police officers alleged to have falsified evidence against plaintiff ran from date charges were dropped because "[w]hat took place between [the] arrest, the grand jury adjournment, and the time the charges were dropped remain[ed] unclear" and the "last actionable act" was "the continuation of the prosecution despite the lack of probable cause"). Using August 25, 2010 as the accrual date for the plaintiff's IIED claim, the claim is timely.

3

Accordingly, the defendants' motion to dismiss this claim is denied, and the Court hereby reinstates it.

## CONCLUSION

The plaintiff's motion for reconsideration is granted. The defendants' motion to dismiss the plaintiff's claim for intentional infliction of emotional distress as time-barred is denied. The plaintiff's state law claims for malicious prosecution and intentional infliction of emotional distress are reinstated. The Clerk of Court is directed to vacate the judgment that was entered in this action on May 11, 2012.

SO ORDERED.

Dated: Brooklyn, New York
      May 18, 2012

/s/
Carol Bagley Amon
Chief United States District Judge