UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SUNIL SAMTANI,

        Plaintiff,

-against-

RAMAKRISHNA CHERUKURI, Individually and in
his official capacity as Chief Executive Officer of
New York Fragrance, Inc. and NEW YORK
FRAGRANCE, INC.,

        Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
11-CV-2159 (CBA) (RER)



AMON, Chief United States District Judge:

    Plaintiff Sunil Samtani ("Samtani") moves this Court for an order pursuant to Federal Rule of Civil Procedure 54(b) certifying as a final judgment the portion of this Court's May 9, 2012 Order (DE 26) dismissing his § 1983 claims. For the reasons stated below, the motion is denied.

## BACKGROUND

    The facts of this case, as alleged in the complaint, are more fully set forth in the Court's Memorandum & Order on the defendants' motion to dismiss, Samtani v. Cherukuri, No. 11-cv-2159, 2012 WL 1657154 (E.D.N.Y. May 18, 2012) (DE 26), but the Court provides a brief summary as pertinent to the pending motion.

    This action arose when Samtani filed for bankruptcy in 2006. At that point, he owed defendants approximately $160,000 for merchandise received on credit. Defendants did not appear as creditors in the bankruptcy proceedings but initiated criminal proceedings against Samtani, telling state prosecutors that Samtani had defrauded them. Samtani alleges that defendants withheld material information, such as that the parties had had a preexisting business

relationship and that Samtani had filed for bankruptcy. Samtani further alleges that defendants falsely testified before a grand jury, which lead to an indictment of one count of grand larceny in the second degree and one count of scheme to defraud in the first degree. Samtani was arrested, arraigned, and prosecuted. After about a year after Samtani was arrested, all charges against him were dropped upon recommendation of the state prosecutor.

Based on this series of events, Samtani asserted claims against defendants under 42 U.S.C. § 1983 for false arrest, malicious prosecution, denial of the right to a fair trial, malicious abuse of process and corporate liability, and state law claims for malicious prosecution and intentional infliction of emotional distress. This Court dismissed Samtani's § 1983 claims, finding that he did not adequately allege that defendants were "state actors" under the meaning of that statute, but allowed his state law claims to go forward. Samtani now moves under Federal Rule of Civil Procedure 54(b) for entry of final judgment on his § 1983 claims.

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 54(b) provides in relevant part:

When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

This rule is an "exception to the general principle that a final judgment is proper only after all claims have been adjudicated," and allows the aggrieved party to take an immediate appeal on the certified claims. Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 629 (2d Cir. 1991). However, "[r]espect for the 'historic federal policy against piecemeal appeals,' requires that the

court's power to enter such a final judgment before the entire case is concluded . . . be exercised sparingly." Id. (quoting Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 8 (1980)).

"[C]ertification under Rule 54(b) should be granted only if there are interests of sound judicial administration and efficiency to be served or, in the infrequent harsh case where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." Id. (citations, alterations, and internal quotation marks omitted). In considering judicial administrative interests, it is "'proper for the District Judge . . . to consider such factors as whether the claims under review [a]re separable from the others remaining to be adjudicated and whether the nature of the claims already determined [i]s such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.'" Novick v. AXA Network, LLC, 642 F.3d 304, 311 (2d Cir. 2011) (quoting Curtiss-Wright, 446 U.S. at 8). "Where the district court has dismissed some but not all claims in an action, it generally should not certify its judgment as final under Rule 54(b) if the same or closely related issues remain to be litigated, unless it can demonstrate that adherence to the normal and federally preferred practice of postponing appeal until after a final judgment has been entered . . . will cause unusual hardship or work an injustice." Adrian v. Town of Yorktown, 210 F. App'x 131, 132-33 (2d Cir. 2006) (citations and internal quotation marks omitted).

## II. Application

Samtani's primary argument for certification is that if this Court's dismissal of the § 1983 claims is later overturned on appeal, there will be two trials based on the same set of facts, "as both the state and federal claims involve identical documentary and testimonial evidence regarding plaintiff's arrest and prosecution." (Pl. Mem. at 5.) This argument, however, has been "explicitly rejected" by the Second Circuit as a reason to enter final judgment on a claim

3

pursuant to Rule 54(b), "particularly in cases where the dismissed and surviving claims are closely interrelated." Adrian v. Town of Yorktown, 210 F. App'x at 133 & n.1 (finding Rule 54(b) certification improper where the surviving and dismissed claims "[arose] out of the same events and [were] based on the same alleged policy of the Town to deprive the Plaintiffs of their property rights and to retaliate against them for their exercise of free speech" and district court's only given rationale for certification was to avoid a second trial (internal quotation marks omitted)); Hogan v. Consol. Rail Corp., 961 F.2d 1021, 1025-26 (2d Cir. 1992) (holding that Rule 54(b) certification was an abuse of discretion where district court's reason for granting certification was to "to obtain pretrial appellate review of its assessment of the evidence against [one defendant]" and thereby avoid retrial if it were incorrect); Brunswick Corp. v. Sheridan, 582 F.2d 175, 185 (2d Cir. 1978) ("The policy against piecemeal appeals of intertwined claims should not be subverted by the specters of additional trials summoned up by the able district judge."). Indeed, the Second Circuit has determined that judicial efficiency is better served by having the trial judge, who "is intimately familiar with the whole case, revisit a portion of the case if he or she has erred in part" than having "two (or more) three-judge panels . . . familiarize themselves with a given case." Harriscom, 947 F.2d at 631.

Here, Samtani's dismissed federal claims and surviving state law claims are "closely interrelated" such that the interests of sound judicial administration will not be served by entering final judgment on the § 1983 claims. Although Samtani takes pains to show that the dismissed federal § 1983 claims are separate and distinct from his surviving state law claims, arguing that the claims address different harms at different stages of the criminal process and do not necessarily rise and fall together, the Court nonetheless finds that further proceedings on the remaining state law claims for malicious prosecution and intentional infliction of emotional

4

distress may reveal facts relevant to the validity of the § 1983 claims and/or the propriety of the Court's dismissal order. As the Second Circuit has explained, the reason that Rule 54(b) certification is usually improper where the dismissed and surviving claims are interrelated is because "the remaining proceedings in the district court may 'illuminate appellate review of' the dismissed claims, or because those proceedings may suggest that the dismissal should be modified as is expressly permitted by Rule 54(b)." Hogan, 961 F.2d at 1026 (quoting Cullen v. Margiotta, 618 F.2d 226, 228 (2d Cir. 1980)); see also Harriscom, 947 F.2d at 630 (finding Rule 54(b) certification inappropriate because it was possible, since one of the remaining counts was "closely related to the dismissed contract claims and stems from the same factual allegations, that trial on the [remaining claim] could bring to light facts that would have a bearing on the propriety of summary judgment dismissing the other claims"). The core dispute underlying all of Samtani's claims, state and federal, is whether defendants gave false information or omitted material information when speaking to prosecutors and testifying before the grand jury.[1] Discovery, motion practice, and trial on the state law claims may bring to light facts that will aid later appellate review.[2]

Samtani's reliance on Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11 (2d Cir. 1997), for the proposition that the risk of duplicative trials justifies Rule 54(b) certification, is unpersuasive. That case arose out of a short sale of the plaintiff's stock, which plaintiff alleged violated § 10(b) and § 10(a) of the 1934 Securities Exchange Act, among related

---

[1] Samtani himself repeats throughout his memorandum that the dismissed federal claims and remaining state law claims "involve identical evidence based on the same set of facts, events, and circumstances." (Pl. Mem. at 2; see also Pl. Mem. at 5, 10, 13.)

[2] The Court is aware that Samtani contends the Court applied the wrong legal standard to judge whether a private actor can be held liable under § 1983—a legal rather than factual question. Nonetheless, even assuming the Court were incorrect in this regard, development of the factual issues may still assist appellate review, for "[i]t is well settled that [the Court of Appeals] may affirm on any grounds for which there is a record sufficient to permit conclusions of law, including grounds not relied upon by the district court." Olsen v. Pratt & Whitney Aircraft, Div. of United Tech. Corp., 136 F.3d 273, 275 (2d Cir. 1998) (internal quotation marks omitted).

rules and regulations. Plaintiff in that case, AMI, brought the action partially in its own right and partially on behalf of other shareholders in its capacity as assignee of the other shareholders' claims. The district court (1) found that the assignments in question did not show a transfer of ownership, preventing AMI from suing on the other shareholders' behalves, (2) denied AMI leave to amend the complaint to add the shareholders as plaintiffs, (3) dismissed AMI's § 10(a) claim, and (4) directed final judgment on all these claims pursuant to Rule 54(b). AMI's § 10(b) claim remained pending in district court. 106 F.3d at 14-16. The Second Circuit found that issues (1) and (2) were properly certified under Rule 54(b):

> AMI's own claims under § 10(b) and Rules 10b-5 and 10b-21 have not been dismissed and remain to be tried. Those claims and the claims of the selling shareholders center on a single offering of AMI stock, as affected by a single course of conduct by defendants. If the selling shareholders' claims are to be reinstated, it plainly will be more efficient for that reinstatement to occur in time for trial of AMI's and the selling shareholders' claims together, for then only one jury, rather than two, will be required to become familiar with the terms of and the events surrounding the offering and defendants' short sale. In addition, there may well be other similar, albeit perhaps not identical as to all of the sellers, issues to be tried with respect to affirmative defenses asserted by defendants, which include waiver, estoppel, and failure to exercise due diligence. It would be more efficient for such issues to be tried together rather than piecemeal.

106 F.3d at 17. Samtani argues that the same rationale applies here.

Samtani fails to add, however, that the Advanced Magnetics Court also found relevant the fact that even though certification might "result in piecemeal appeals, those appeals [would] present virtually no overlapping issues to the reviewing panels" because the assignment question and denial of leave to name the selling shareholders as plaintiffs were "entirely unrelated to the merits of the claims that are to be tried." Id. Thus, "[n]othing that will be aired at trial [could] be expected to shed light on the assignment questions before [the panel] on the present appeal." Id.

On this more comprehensive review, it is clear that <u>Advanced Magnetics</u> stands for little more than the proposition that where appeals from a given case, even if piecemeal, will not involve duplicative or overlapping issues, the risk of duplicative trials can be a relevant consideration in determining the judicial efficiency to be served by a Rule 54(b) certification. This is consistent with the principle that, in general, avoiding a second trial is insufficient to justify a Rule 54(b) certification where the dismissed and surviving claims *are* closely related such that piecemeal appeals may well involve duplicative or overlapping issues. Here, as explained above, Samtani's claims are such closely related claims.

Finally, Samtani has not shown that his is the "infrequent harsh case" where he would suffer some "hardship or injustice through delay which would be alleviated by immediate appeal." <u>Harriscom</u>, 947 F.2d at 629 (internal quotation marks omitted). His arguments on this point are that (1) he will have to wait for a separate trial to pursue damages relating to the false arrest and (2) he will be unable to recover attorney's fees in connection with the state law claims. (Pl. Mem. at 6-7, 11-13.) Samtani remains free to pursue damages relating to false arrest as well as attorney's fees should he later prevail on the federal claims; he identifies no hardship other than the fact that he will have to wait. This presents no "unusual hardship" or injustice; accordingly, Samtani is to follow the "normal and federally preferred practice of postponing appeal until after a final judgment has been entered." <u>Adrian</u>, 210 F. App'x at 133 (internal quotation marks omitted).

## CONCLUSION

For the reasons stated above, the Court finds that the interests of sound judicial administration will not be served by entering final judgment on the § 1983 claims, nor has Samtani shown that his is the "infrequent harsh case" where he would suffer some "hardship or

7

injustice through delay which would be alleviated by immediate appeal." Accordingly, Samtani's Rule 54(b) motion is denied.

SO ORDERED.

Dated: Brooklyn, New York
May 17, 2013

s/Carol Bagley Amon

_____
Carol Bagley Amon
Chief United States District Judge